IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**TALIA STAINBROOK**
510 West Cleveland Street
Marshfield, WI 54449

           Plaintiff,

v.

**DOLGENCORP, LLC d/b/a Dollar General**
c/o Registered Agent: Corporation Service Company
33 East Main Street, Suite 610
Madison, WI 53703

           Defendant.

Case No.: 26-cv-704

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

Plaintiff, Talia Stainbrook, through her attorneys, Hawks Quindel, S.C., by Colin B. Good and Forrest C. Stewart, for her Complaint against the above named Defendant, states and alleges as follows:

### NATURE OF ACTION

1. Plaintiff, Talia Stainbrook, ("Ms. Stainbrook"), brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 12132, *et seq.* ("Title VII"), and 42 U.S. Code § 1981 ("§ 1981"), and alleges discrimination and harassment based on her race, a hostile work environment based on her race, and discrimination in the terms and conditions of her employment in retaliation for her engaging in statutorily protected activity.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves federal questions under Title VII and 42 U.S.C. § 1981.

3.     Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 12117(a), 2000e-5(f)(3) because all acts or omissions giving rise to this claim occurred in this District.

4.     The Court has personal jurisdiction over Defendant, Dolgencorp, LLC d/b/a Dollar General ("Defendant" or "Dollar General"), because the events giving rise to this dispute arose out of and relate to Defendant's contacts in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     Plaintiff timely filed Discrimination Complaints on June 26, 2024, and July 24, 2024 with the Wisconsin Department of Workforce Development, Equal Rights Division ("ERD") which were both cross-filed with the United States Equal Employment Opportunity Commission ("EEOC").

6.     Prior to filing this Complaint, Plaintiff received a Notice of Right to Sue from the EEOC for each of her discrimination complaints against Defendant, both dated May 15, 2026.

7.     This action is brought within ninety (90) days after Plaintiff's receipt of said Notices. True and correct copies of the Notice(s) of Right to Sue are attached hereto as **Exhibit A** and **Exhibit B**.

2

## PARTIES

8.      Ms. Stainbrook is an adult resident of Marshfield, Wisconsin and has been a resident of the State of Wisconsin at all times relevant hereto. At all relevant times, Ms. Stainbrook was an employee of Defendant, as that term is defined in Title VII, 42 U.S.C. § 2000e(f).

9.      Defendant is a Limited Liability Corporation which owns and operates Dollar General locations around North America, including in Wisconsin.

10.     Defendant's principal office is located at 100 Mission Ridge, Goodlettsville, Tennessee 37072.

11.     Dollar General is an employer as that term is defined in Title VII, 42 U.S.C. §2000e(f).

## FACTUAL ALLEGATIONS

12.     Ms. Stainbrook, a Black woman, was hired by Dollar General on or about March 6, 2023.

13.     Ms. Stainbrook was hired as a Lead Sales Associate but was promoted to Assistant Store Manager prior to the events giving rise to this claim.

14.     Throughout Ms. Stainbrook's tenure at Dollar General, she was treated less favorably than similarly-situated white employees with respect to the terms and conditions of her employment.

15.     Early on in Ms. Stainbrook's tenure at Dollar General, her direct Manager, Donna Irving ("Ms. Irving"), began subjecting Ms. Stainbrook to demeaning and racist treatment.

16.     Ms. Irving would make statements to customers and other employees about Ms. Stainbrook, such as, "you gotta get yourself one of these," referring to Ms. Stainbrook, which Ms. Stainbrook understood to refer to her as a tokenized Black woman or subordinate Black worker.

17.     Ms. Irving also singled Ms. Stainbrook out to perform demeaning acts, such as tying Ms. Irving's shoes, which she did not force white employees to do.

18.     Throughout her tenure, Ms. Irving adopted a consistently dismissive and condescending demeanor toward Ms. Stainbrook.

19.     On or about April 10, 2024, Ms. Irving used the word "nigger"[1] in Ms. Stainbrook's presence, while Ms. Stainbrook was in the store as a customer with her husband.

20.     When Ms. Stainbrook heard Ms. Irving use the n-word, she said words to the effect of, "I thought you didn't use that word."

21.     In response to Ms. Stainbrook's comment, Ms. Irving said words to the effect of, "oh, I do," and proceeded to use the n-word again.

22.     Following this interaction, on or about April 15, 2024, Ms. Stainbrook contacted Dollar General's Employee Response Center by phone to report Ms. Irving's use of the n-word.

---

[1] Hereinafter referred to as "the n-word."

23. In response to Ms. Stainbrook's report, Dollar General District Manager Jason Stankowski ("Mr. Stankowski") called Ms. Stainbrook and stated that Dollar General would not process or act on her complaint unless she made a written statement regarding the same.

24. Shortly after being instructed to do so, Ms. Stainbrook filed a written report with Dollar General's corporate Human Resources department regarding Ms. Irving's use of the racial slur and the other mistreatment to which she had subjected Ms. Stainbrook.

25. On April 22, 2024, Ms. Stainbrook had a meeting with Mr. Stankowski and Ms. Irving about her reporting of Ms. Irving's use of the n-word and other mistreatment.

26. At the meeting, Ms. Irving denied having said the n-word, but then went on to state that, "if [she] did say it," she was "just messing around."

27. Ms. Irving also claimed that by, "you gotta get yourself one of these," she simply meant that Ms. Stainbrook was a hard worker.

28. Following their meeting, Mr. Stankowski told Ms. Stainbrook that he was going to look into the issue, talk to other higher-ups, and that there would be an investigation into her reports.

29. Following the April 22, 2024 meeting, Ms. Irving materially altered the conditions of Ms. Stainbrook's employment by instituting a new system of task organization wherein she assigned Ms. Stainbrook an impossible amount of work.

30. Ms. Irving also cut Ms. Stainbrook's hours from over forty (40) hours per week to around thirty-four (34) hours per week.

31. Shortly after the April 22, 2024, meeting, Ms. Irving also scolded Ms. Stainbrook for reporting her, stating that, "since you did what you did, they are going to be watching us closer."

32. By "since you did what you did," Irving was referring to Ms. Stainbrook's reporting of Ms. Irving's use of the n-word.

33. By "they are going to be watching us closer" Ms. Irving meant that Dollar General corporate would be monitoring Ms. Irving's management practices.

34. On or about April 23, 2024, Ms. Stainbrook arrived at work and saw Ms. Irving speaking with a customer with whom Ms. Stainbrook previously enjoyed a positive relationship.

35. After having spoken with Ms. Irving, the customer did not say anything to Ms. Stainbrook and instead made a disgusted expression at her.

36. On or about April 24, 2024, three (3) other customers and a vendor each separately told Ms. Stainbrook that Ms. Irving had been saying negative things about her.

37. On or about April 25, 2024, Ms. Stainbrook filed an additional complaint with Dollar General about the retaliatory treatment Ms. Irving had inflicted on her.

38. In the complaint, Ms. Stainbrook described the customer and vendor reports that Ms. Irving had started saying negative things about her after she had reported Ms. Irving's racist behavior.

6

39.     On or about April 26, 2024, a Dollar General Human Resources representative told Ms. Stainbrook that the matter had been "resolved," but did not report any specific action that had been taken.

40.     When Ms. Stainbrook inquired further about any action taken to address the concerns she had raised, the Human Resources representative told her that they could not give her any further information.

41.     Later in the day on April 26, 2024, when Ms. Stainbrook told Mr. Stankowski that Human Resources told her that the issue had been resolved, Mr. Stankowski expressed surprise, noting that he still had questions he wanted to ask for his investigation.

42.     On or about May 5, 2024, Ms. Stainbrook complained to Mr. Stankowski about Ms. Irving's retaliatory assignment of impossible workloads. Mr. Stankowski instructed Ms. Stainbrook to simply "do what you can," but took no steps to remedy Ms. Irving's retaliatory behavior.

43.     Ms. Stainbrook did not receive any updates or correspondence regarding her complaints for over a month following her April 26, 2024, conversation with Mr. Stankowski.

44.     On or about May 30, 2024, Mr. Stankowski informed Ms. Stainbrook that the issue with Ms. Irving had been "resolved," but that he could not provide any information about what actions had been taken.

45.     At the same meeting, Mr. Stankowski accused Ms. Stainbrook of selling tobacco to an underage customer and "working for the competition."

46.     Ms. Irving's mistreatment of Ms. Stainbrook remained substantively the same throughout Dollar General's alleged investigation into the issue.

47.     On June 23, 2024, Ms. Stainbrook, through Counsel, filed a complaint with the ERD regarding the above-described discriminatory behavior.

48.     Following the filing of her initial complaint with the ERD, Dollar General continued failing to address Ms. Irving's discriminatory behavior and failed to provide Ms. Stainbrook with any substantial information regarding the nature or extent of any investigation it had undertaken into her internal complaint or any remedial measures it had taken in response to same.

49.     On July 10, 2024, Ms. Stainbrook resigned from her employment with Dollar General citing a hostile work environment.

50.     Ms. Stainbrook's resignation constituted a constructive discharge on the basis of the intolerable working conditions to which she was subjected on the basis of her race and her opposition thereto.

**PLAINTIFF'S FIRST CAUSE OF ACTION:**
**DISCRIMINATION AND HARASSMENT IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e,** *et seq.*

51.     Plaintiff realleges and incorporates herein by reference the above numbered paragraphs.

52.     Ms. Irving's harassment of Ms. Stainbrook constituted a hostile work environment on the basis of race.

8

53.    Mr. Stankowski specifically, and Dollar General's management generally, failed to remedy the hostile work environment despite Ms. Stainbrook's repeated complaints.

54.    Ms. Irving's harassment of Ms. Stainbrook and Dollar General's failure to remedy the same, has caused her to suffer emotional and mental trauma, as well as pecuniary damages in the form of wage loss and attorneys' fees.

55.    By subjecting Ms. Stainbrook to severe and pervasive harassment on the basis of her race and failing to address such harassment, Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, by discriminating against her on the basis of her race, thereby causing Ms. Stainbrook damages that continue to accrue.

**PLAINTIFF'S SECOND CAUSE OF ACTION:**
**RETALIATION IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000e,** *et seq.*

56.    Plaintiff realleges and incorporates herein by reference the above numbered paragraphs.

57.    By reducing her hours, threatening her with discipline, and actively discouraging her opposition to unlawful discrimination, Dollar General retaliated against Ms. Stainbrook for reporting and opposing Ms. Irving's harassment.

58.    Dollar General's retaliation against Ms. Stainbrook resulted in both pecuniary damages in the form of wage loss, as well as mental and emotional damages.

59.     By retaliating against Ms. Stainbrook for reporting and complaining of race discrimination in violation of Title VII of the Civil Rights Act of 1964, Defendant has violated Title VII of the Civil Rights Act of 1964, *et seq*, causing Ms. Stainbrook damages that continue to accrue.

**PLAINTIFF'S THIRD CAUSE OF ACTION:**
**DISCRIMINATION IN VIOLATION OF**
**42 U.S. CODE § 1981.**

60.     Plaintiff realleges and incorporates herein by reference the above numbered paragraphs.

61.     At all times relevant to this complaint, Ms. Stainbrook and Dollar General maintained an employment relationship.

62.     Dollar General subjected multiple adverse employment actions against Ms. Stainbrook – including harassment, the reduction of her hours, inferior terms and conditions of employment, and ultimately termination – on the basis of her race.

63.     But for Ms. Stainbrook's race as a Black woman, Dollar General would not have taken said adverse actions.

64.     Dollar General's discriminatory and retaliatory treatment of Ms. Stainbrook on the basis of race violated 42 U.S.C. § 1981, and has caused Ms. Stainbrook damages that continue to accrue.

**RELIEF REQUESTED**

**WHEREFORE,** Plaintiff demands judgment against Defendant and prays for the following relief:

10

A.    Damages equal to the amount of wages, salary, employment benefits, and other compensation denied or lost to Ms. Stainbrook as a result of Defendant's discriminatory conduct, together with interest thereon;

B.    Compensatory and punitive damages for past and future losses resulting from the unlawful employment practices, including emotional pain and suffering;

C.    Ms. Stainbrook's costs in this action, including her reasonable attorneys' fees, litigation expenses, and costs; and

D.    Such other legal and equitable relief as the Court deems just and proper, including reinstatement to the position in which Ms. Stainbrook would now be but for Defendant's unlawful conduct.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated this 31st day of July, 2026.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Talia Stainbrook*


By:    */s Colin B. Good*
Colin B. Good, State Bar No.: 1061355
Email: cgood@hq-law.com
Forrest C. Stewart, State Bar No.: 1124604
Email: fstewart@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236

11